## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TONI M. CONWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-500-RAW-KEW |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Toni M. Conway (the "Claimant") requests judicial
review of the decision of the Commissioner of the Social Security
Administration (the "Commissioner") denying Claimant's application
for disability benefits under the Social Security Act.  Claimant
appeals the decision of the Administrative Law Judge ("ALJ") and
asserts that the Commissioner erred because the ALJ incorrectly
determined that Claimant was not disabled.  For the reasons
discussed below, it is the recommendation of the undersigned that
the Commissioner's decision be REVERSED and REMANDED for further
proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the
"inability to engage in any substantial gainful activity by reason
of any medically determinable physical or mental impairment. . ."
42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on August 19, 1965 and was 49 years old at the time of the ALJ's latest decision. Claimant obtained an associate's degree. Claimant has worked in the past as a real estate abstractor. Claimant alleges an inability to work beginning September 28, 2007 due to limitations resulting from a torn disc in her neck, severe headaches, and depression.

## Procedural History

On June 18, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on Claimant's application on September 16, 2011. By Order entered March 31, 2014, this Court reversed the decision and remanded the case for further administrative proceedings consistent with the Order.

Upon remand by the Appeals Council, the ALJ conducted a further administrative hearing on September 18, 2014. On October 6, 2014, the ALJ issued an unfavorable decision. Claimant did not file exceptions with the Appeals Council. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform a wide range of lightm work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly weigh the medical source opinions; (2) failing to properly assess Claimant's RFC; (3) finding Claimant could perform other work; and (4) failing to properly evaluate Claimant's credibility.

## Consideration of the Medical Source Evidence

In the latest decision, the ALJ determined Claimant suffered from the severe impairments of neck pain; headaches; a bladder impairment; a kidney impairment; a liver impairment; a shoulder impairment; an arm impairment; a hand impairment; a finger impairment; obesity; an anxiety related disorder; depression; and a somatoform disorder. (Tr. 658). The ALJ concluded that Claimant retained the RFC to perform a wide range of light work. In so doing, the ALJ found Claimant could read, write, an use numbers. He also found Claimant could lift, carry, push, and pull up to 20 pounds occasionally and up to 10 pounds frequently; stand or walk 30 minutes at one time and up to six hours in an eight hour workday; and sit up to 30 minutes at one time and up to six hours in an eight hour workday. Claimant was found to have a slight limitation in her ability to bend, stoop, finger, feel, and grip. She had limited reach over the shoulder with her left upper extremity and was able to reach overehad with the right upper

extremity occasionally. Claimant was found to be able to perform tasks where there is only an occasional requirement for twisting and nodding of the head. She must alter her position from time-to-time and required that her duty station or work location have easy access to a restroom.

Due to Claimant's depression and anxiety, the ALJ found she was limited to simple, routine, and repetitive work. She was able to perform tasks where there is only limited contact with the public, co-workers, and supervisors. Claimant also took medications for symptom relief but the ALJ found they would not prevent her from being able to attend and persist to her required work tasks. (Tr. 662).

After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of mail clerk, office cleaner, mail sorter, and lens grinding machine operator. (Tr. 667). As a result, the ALJ found Claimant was not disabled from September 30, 2007 through December 31, 2012, the date last insured. Id.

Claimant contends the ALJ erred by failing to properly consider all of the medical opinion evidence. The first such opinion was provided by Dr. Jorge Gonzalez, a neurologist. Claimant was referred to Dr. Gonzalez by his primary care physician

for evaluation of her neck pain and headaches.  On October 7, 2009, Dr. Gonzalez completed a medical source statement.  He evaluated the effects of Claimant's headaches and neck pain upon her functional abilities.  He estimated Claimant would frequently experience pain or other symptoms severe enough to interfere with attention and concentration needed to perform even simple work.  "Frequently" on the form is defined as between 34% to 66% of an 8 hour workday.  Dr. Gonzalez found Claimant would experience low endurance due to a cervical annular disc tear.  He also estimated that Claimant would have to take unscheduled breaks every 2-3 hours in an 8 hour workday and would require six months to rest before returning to work.  Dr. Gonzalez stated Claimant would experience good days and bad days which would require Claimant to be absent from work more than four days per month.  (Tr. 515).  Dr. Gonzalez recommended that Claimant undergo a complete neuropsychological evaluation as a part of her assessment to look at her ability to cope with pain/stressors and to address any potential somatoform tendency that could delay Claimant's recovery.  (Tr. 516).

The ALJ's consideration of Dr. Gonzalez's opinion is confusing at best in the latest decision.  The ALJ references Claimant's attorney's noting of a single limitation from Dr. Gonzalez's statement regarding problems with concentration and attention which

would require Claimant to miss more than four days per month.  He does not reference the statement directly.  (Tr. 660).  The ALJ's next mention of Dr. Gonzalez is a recitation of certain neurological findings but a curious notation that Dr. Gonzalez's assessment did not contain "specific functional limitations." (Tr. 663-64).

The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source.  Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c).  He must provide specific, legitimate reasons for rejecting any such opinions.  The ALJ must also give consideration to several factors in weighing any medical opinion.  Id.; 20 C.F.R. § 416.927(d)(1)-(6).  The ALJ must consider Dr. Gonzalez's opinion on Claimant's functional limitation on remand and provide specific reasons for rejecting his findings, if the ALJ does so.

Claimant also states the ALJ failed to properly consider the opinion of Dr. David Hansen.  Claimant was referred to Dr. Hansen by Dr. Gonzalez.  He found Claimant's test results were generally within the average to high average range with no indications of marked cognitive decline.  He noted Claimant appeared to experience some mildly slow cognitive speed and occasional slippage or lapses in her attention, believed to stem from Claimant's pain disorder,

pain medication effects and her depression. Dr. Hansen found the testing indicated Claimant suffered from moderate depression and probable pain disorder with both psychological and physiological features. It appeared to Dr. Hansen that there was an exacerbation of her pain as a result of her depression with a self perpetuating adverse cycle of pain and depression. (Tr. 572).

The ALJ omitted Dr. Hansen's opinion regarding Claimant's limitations on attention and somatoform findings from his decision. Again, the ALJ is required to discuss all medical opinion evidence. He shall rectify this omission on remand.

Claimant also asserts the ALJ failed to properly weigh the opinion of Dr. Denise LaGrand. On December 3, 2009, Dr. LaGrand conducted a mental status/diagnostic examination of Claimant. She diagnosed Claimant with major depressive disorder, moderate and pain disorder, due to general medical condition. (Tr. 521). Dr. LaGrand concluded that Claimant's ability to perform adequately in most job situations, handle the stress of a work setting and deal with supervisors or co-workers was estimated to be low average. (Tr. 522). In another report also dated December 3, 2009, Dr. LaGrand found Claimant would likely develop physical symptoms in response to stress. She also reported difficulties in memory and concentration. (Tr. 593).

In the latest decision, the ALJ found Dr. LaGrand's assessment was "fairly consistent with the record." But, since Claimant had undergone surgery on her cervical spine, he found Claimant's depression has "fairly stabilized." As a result, the ALJ gave Dr. LaGrand's opinion significant but not great weight because her prognosis appeared to be based upon Claimant's report rather than the possibility of medical improvement. (Tr. 660). The ALJ gives no objective basis for reaching this conclusion other than a generalized "feeling" that this might be the case. On remand, the ALJ shall re-evaluate his weighing of Dr. LaGrand's opinion and his conjecture in the manner in which Dr. Lagrand reached that opinion.

**RFC Determination**

Claimant next contends the ALJ failed to explain how the headaches found to severely impair Claimant's ability to engage in basic work activities on a regular and continuing basis at step two fell out of the RFC evaluation at step five. The vocational expert found that Claimant's testimony on headaches occurring twice a week prevented her from working consistently in a competitive employment. (Tr. 719-20). The ALJ should consider whether the frequency of Claimant's headaches precludes the range of jobs identified by the vocational expert.

In a similar vein, Claimant suggests the ALJ's consideration

of her obesity did not comply with Soc. Sec. R. 02-1p.  Claimant
was 64 inches in height and weighed 200 pounds.  (Tr. 944).  An ALJ
is required to consider "any additional and cumulative effects"
obesity may have upon other conditions from which a claimant
suffers, recognizing that obesity combined with other impairments
may increase the severity of the condition.  Soc. Sec. R. 02-1p; 20
C.F.R. Pt. 405, Subpt. P, App. 1 § 1.00(Q)(combined effect with
musculoskeletal impairments).

At step three, "a listing is met if there is an impairment
that, in combination with obesity, meets the requirements of a
listing."  Soc. Sec. R. 02-1p.  "[O]besity may increase the
severity of coexisting or related impairments to the extent that
the combination of impairments meets the requirements of a listing.
This is especially true of musculoskeletal, respiratory, and
cardiovascular impairments."  Id.  "Obesity in combination with
another impairment may or may not increase the severity or
functional limitations of the other impairment."  Each case is
evaluated on information in the case record.  Id.  However,
speculation upon the effect of obesity is discouraged.[2]  See, Fagan
v. Astrue, 2007 WL 1895596, 2 (10th Cir.).

---

[2] "[W]e will not make assumptions about the severity or functional
effects of obesity combined with other impairments."  Soc. Sec. R. 02-
01p.

The ALJ failed to analyze Claimant's obesity in conformity with Soc. Sec. R. 02-1p after having found it to be a severe impairment at step two. He offered no indication that he considered the combined effect of Claimant's obesity with other conditions. On remand, the ALJ shall proceed through the required analysis of Claimant's obesity on remand.

Claimant also contends the ALJ should have considered her hand and finger impairments, medication side effects which were found by Dr. LaGrand, and restroom requirements. The ALJ shall re-examine his findings on these impairments, insuring that he has included all such limitations in his RFC assessment to the extent they limit Claimant's ability to engage in basic work activities.

## Step Five Analysis

Claimant states the ALJ limited Claimant in his RFC assessment and hypothetical questioning to simple, repetitive and routine work. Yet, the vocational expert identified "mail clerk" as work Claimant could perform despite being at a reasoning level 3 in the *Dictionary of Occupational Titles*. A reasoning level 3 has been determined to require detailed work rather than simple work. Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005). While this analysis is true, the vocational expert identified other jobs which do meet the RFC and hypothetical questioning of the ALJ.

12

(Tr. 717). The ALJ's findings were not entirely erroneous at step five with the identification of these other occupations. However, this analysis may change with the reversal on issues already discussed herein. To the extent the hypothetical questioning of the vocational expert will be required to be altered with changes in the RFC and consideration of the opinion evidence, the ALJ should reassess his step five analysis.

## Credibility Determination

The ALJ should reassess his credibility determination in light of the reconsideration of the opinion evidence which supports Claimant's testimony. Further, the ALJ should consider the effects of Claimant's somatoform disorder on her testimony as found by Dr. LaGrand, Dr. Hansen, and Dr. Gonzalez.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the

court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 8th day of March, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE